**Doreen A. FRISCH, Individually and as personal representative of the estate of Melvin S. Frisch, Plaintiff–Appellant,**

v.

**Jay PRINTZ, Individually and as Sheriff of Ravalli County; Ravalli County, Defendant–Appellees.**

No. 99–35747.

D.C. No. CV–97–00082–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2001 *.

Decided Feb. 23, 2001.

R.App. P. 34(a)(2)

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

This case involves the shooting death of Melvin Frisch following an attempted arrest, a car chase, a standoff, and the warrantless entry into his house by a police officer. Plaintiff Doreen Frisch appeals from the district court's grant of summary judgment to Defendants Printz and Ravalli County on the ground of qualified immunity. We affirm.[1]

Frisch first contends that the officers effected an unconstitutional seizure by surrounding the house. Assuming without deciding that the officers' action constituted a seizure, the seizure was permissible because it was justified by probable cause. *See Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) (defining probable cause as "whether at [the] moment [of the arrest] the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy in-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we mention them only as necessary to our disposition of the case.

formation were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense"). Here, the officers witnessed Frisch commit multiple offenses-speeding and evading arrest, at the least-and thus they had probable cause to seize him. Moreover, the seizure was carried out in a reasonable manner. *Cf. Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir.1994) (holding in the context of a standoff that it was reasonable for officers "to take arms, knock on the door of an apartment and identify themselves as police when an armed man who, they are told, recently fired shots and is acting 'crazy' lurks inside").

 Frisch next argues that Printz's entry into the house constituted an unjustified warrantless entry for the purpose of arrest, thereby violating her husband's Fourth Amendment rights. Because Mr. Frisch consented to Printz's warrantless entry, it was constitutionally permissible. *United States v. Furrow,* 229 F.3d 805, 813 (9th Cir.2000).

Finally, Ms. Frisch argues that her husband's shooting by Sheriff Printz was an unjustified seizure. It is clear that "apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner,* 471 U.S. 1, 7, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). Reasonableness, in turn, requires the court to consider factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). It is apparent from Frisch's movements, the knife in his hand, and Chief Barnett's corroborating testimony that Frisch posed "an immediate threat to the safety of" Printz. There was no

material issue of fact. Thus, we affirm the district court's conclusion that the seizure was reasonable as a matter of law, and that Printz is entitled to qualified immunity. As a consequence, the summary judgment in favor of Ravalli County is also affirmed.

AFFIRMED.